**DAYTON (City), Plaintiff-Appellant, v. CAVERLEE, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2120.   Decided November 16, 1950.

Herbert S. Beane, City Atty., William P. Keane, Asst. City Atty., Dayton, for plaintiff-appellant.

Nolan & Boesch, Dayton, for defendant-appellee

## OPINION

By THE COURT:

This is a law appeal from the judgment of the Court of Common Pleas reversing that of the Municipal Court of Dayton, Ohio. The defendant was charged with and found guilty of operating a motor vehicle in violation of Ordinance No. 307 of the City of Dayton, which reads as follows:

"No person shall operate a vehicle * * * without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, * * * and so as to endanger the life, limb or property of any person while in the lawful use of the streets or highways."

The affidavit charged the defendant with operating a motor vehicle within the City of Dayton without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, and so as to endanger the life, limb or property of persons in the lawful use of the said public thoroughfare in the following particulars, to wit: while operating the said motor vehicle, eastwardly on Ernst Avenue, he struck one William K. Smith who was pushing his Ford coupe, which was being steered by one Cathy Willingham, eastwardly on Ernst Avenue.

We have examined the bill of exceptions and find that the evidence discloses that at about 12:30 in the morning William K. Smith was pushing his automobile from the rear on an icy street, the battery being dead, and he was endeavoring to push the car down grade while his friend was at the steering wheel. The defendant approached from the rear in his automobile, driving at not to exceed twenty miles per hour. The pushed car was in the middle of the block where the lighting was poor. The defendant did not see the car ahead of him until he was within approximately 60 feet of it. He applied his brakes throwing his car into a skid whereby he lost control striking the car ahead and crushed the legs of Mr. Smith between the two bumpers. The street at this place was one solid sheet of ice.

The Common Pleas Court was of the opinion that a prima facie case was made by the prosecution but that the testimony of the defendant was sufficient to create a reasonable doubt as to his guilt and that therefore the judgment was against the manifest weight of the evidence. It will be noted that there is nothing in the record indicating the manner in which the defendant's automobile was being operated other than his own testimony. The Appellate Court was of the opinion that in order to constitute a violation of the ordinance the operation of the automobile should be such as to amount

to a reckless disregard of consequences, an indifferent feeling or attitude such as would make one intend to do the things which were the natural and probable consequences of his indifference or reckless conduct. The Court noted further that the statute contained no specific requirements; that if the statute were loosely construed we would have the anomalous situation of its being easier to convict a person of a crime for being negligent than it would be for him to recover in a civil action for negligence. We are in accord with the legal conclusions as set forth by Judge Cecil in his decision announced in this case.

The record discloses that a judgment entry of guilty was never journalized in the trial court but the entry overruling the motion for new trial was properly filed. The appellant urges that since the Municipal Court of Dayton is a court of record, that there is no final order to support this appeal. Judge Cecil also recognized this defect and said that if it were not for the fact that the judgment should be reversed that he would have remanded the case back to the Municipal Court for the journalization of the entry. This may have been the proper procedure, but we can see no harm in expressing an opinion on the subject which would be the judgment of the court were the record properly completed. We are of the opinion that the overruling of the motion for new trial was not an appealable order; the basis for judgment is a sentence and a judgment is essential to an appeal. We had a similar situation in the case of **Columbus v. Treadwell, 46 Abs 367,** 65 N. E. (2d) 720, wherein we held that since the sentence appeared in the bill of exceptions, although it was not carried on the half sheet or journal, and since counsel had prosecuted the appeal through the Common Pleas Court and had prepared all of the briefs, the Court passed on the errors assigned with the understanding that the judgment entry would be spread upon the record nunc pro tunc. If such an entry is prepared and filed in this case the judgment of the Common Pleas Court will be affirmed and if not the judgment of the Common Pleas Court will be reversed for want of jurisdiction.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.